IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JANIS WILLIFORD | § | |
| Individully and on behalf of the | § | Civil Action No. 9:24-cv-209 |
| Estate of CHARLES WILLIFORD | § | |
| v. | § | |
| | § | |
| MATRIX DIRECT INSURANCE | § | |
| SERVICES, INC.; AIG DIRECT; | § | |
| COREBRIDGE DIRECT | § | |
| INSURANCE SERVICES, INC.; | § | JURY TRIAL DEMANDED |
| LIBERTY LIFE INSURANCE | § | |
| COMPANY; ATHENE HOLDING, | § | |
| LTD.; ATHENE ANNUITY & | § | |
| LIFE ASSURANCE COMPANY; | § | |
| RBC INSURANCE; PROTECTIVE | § | |
| LIFE INSURANCE COMPANY; | § | |
| PROTECTIVE LIFE CORP; | § | |
| UNITED FIDELITY LIFE | § | |
| INSURANCE COMPANY; AND | § | |
| AMERICO LIFE, INC. | § | |

**PLAINTIFF JANIS WILLIFORD'S, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CHARLES WILLIFORD, ORIGINAL COMPLAINT**

COMES NOW Janis Williford, Individually and on behalf of the Estate of Charles Williford, and files this Original Complaint against the Defendants, Matrix Direct Insurance Services, Inc., AIG Direct, Corebridge Direct Insurance Services, Inc., Liberty Life Insurance Company, Athene Holding, Ltd., Athene Annuity & Life Assurance Company, RBC Insurance, Protective Life Insurance Company, Protective Life Corporation, United Fidelity Life Insurance Company, and Americo Life, Inc.

1

I.   **PARTIES**

1.   Plaintiff Janis Williford is a resident of the State of Texas.

2.   Matrix Direct Insurance Services, Inc. was acquired by AIG Direct in February 2007. AIG Direct Insurance Services, Inc. is now known as the legal entity Corebridge Direct Insurance Services, Inc. These legal entities may be served through their registered agents for service: Corporation Service Company, 211 W. 7th Street, Suite 620, Austin, TX 78701.

3.   Liberty Life Insurance Company was acquired by Athene Holding, Ltd. in April 2011 and renamed Athene Annuity & Life Assurance Company, located at 7700 Mills Civic Parkway, West Des Moines, Iowa 50266-3862. These legal entities may be served through their registered agents for service: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

4.   Athene Annuity & Life Assurance Company a/k/a Athene Annuity and its parent company is Athene Holding Ltd. These legal entities may be served through their registered agents for service: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

5.   RBC Insurance is the brand name for US insurance operations of the Royal Bank of Canada including Liberty Life Insurance Company. Liberty Life Insurance Company was acquired by Athene Holding, Ltd. in April 2011 and renamed Athene Annuity & Life Assurance Company. These legal entities may be

served through their registered agents: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

6. Protective Life Insurance Company became responsible in April 2011 for the life insurance policies issued by Athene Annuity & Life Assurance Company. Protective Life Insurance Company's parent company is Protective Life Corporation (Protective Life Corporation is the US Subsidiary for Dai-ichi Life Holdings). These legal entities may be served through their registered agents for service: Mark L. Drew, 2801 Highway 280 S, Birmingham, Alabama, 35223.

7. United Fidelity Life Insurance Company is a subsidiary controlled by Americo Life, Inc. (Americo is the brand name for insurance products issued by the subsidiary companies controlled by Americo Life, Inc.). These legal entities may be served through their registered agents: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

## II. BACKGROUND INFORMATION

8. On September 20, 2005, Charles Williford acquired a life insurance policy from Defendants with a death benefit of $250,000 payable to his wife, Janis Williford. The policy was originally acquired from Liberty Life Insurance Company through Matrix Direct Insurance Services.[1] The original policy number is

---

[1] Out of an abundance of caution, Plaintiff sued every entity that is related to this insurance policy. However, Plaintiff recognizes that some of the entities were acquired by other entities and many of the named Defendants should be dismissed from this case. Once Defendants' counsel tells Plaintiff's counsel who the proper party is, Plaintiffs will dismiss the other Defendants.

3

0010029971 and is identified as a Plan 15 LT. The monthly premiums paid to Defendants were $322.93 per month. The final expiration of the life insurance policy was September 20, 2028, with an initial term period of fifteen years.

9. For fifteen years, Charles and Janis Williford paid their monthly premiums fully and timely. Charles and Janis Williford made 180 monthly payments and Defendants accepted these premiums. As the initial term period of fifteen years was ending on September 20, 2028, Defendants informed Charles and Janis Williford that their monthly life insurance premiums would increase from $322.93 per month to $4,350.70 per month. Defendants made the decision to increase the Williford's premiums by 1,220.49 % during the height of the global COVID-19 pandemic.

10. Charles and Janis Williford were on a fixed income but intended to pay the increased premiums because they had no choice. However, they could not increase their income because the country was shut down due to COVID-19. Neither Charles nor Janis Williford could find any work or additional income. As the increased premium was coming due, Charles Williford got sick and was eventually hospitalized.

11. The first increased premium was due September 20, 2020. However, the life insurance policy had a built in four-week grace period, as required by Texas law. This meant the premium was due October 20, 2020. Unfortunately, due to

COVID-19, Janis Williford could not timely acquire the $4,350.70 needed for the premium. She was trying to borrow the money when her husband of fifty-two years died. Charles Williford died on November 4, 2020, fifteen days after Janis and Charles Williford's premium was due. When Janis Williford made a claim on the life insurance policy with Defendants, she was informed by Defendants that the policy expired and would not be honored.

12. At the time that Defendants refused to honor the insurance policy due to a fifteen-day delay, the Texas Department of Insurance issued the following mandate to all life insurance companies:

> TDI expects all carriers to work with policyholders who may experience financial hardships due to the COVID-19 outbreak. TDI encourages carriers to use grace periods for payments, temporary suspension of premium payments, payment plans, and other actions to allow continuing insurance coverage as appropriate.[2]

13. Defendants failed to comply with its obligations to "use grace periods for payments", to allow the "temporary suspension of premium payments" to develop a "payment plan", and to take "other actions to allow continuing insurance coverage."

14. During the peak of the COVID-19 pandemic, the Defendants, including Protective Life Insurance Company, claimed they offered temporary relief to

---

[2] https://www.tdi.texas.gov/bulletins/2020/B-0007-20.html

policyholders facing financial hardship due to the pandemic. The alleged temporary relief included grace periods for premium payments or the ability to temporarily reduce premium amounts. According to Defendants' websites during COVID-19, accommodations were available for the duration of each state's state of emergency/disaster or executive order related to the COVID-19 pandemic.

15. On March 13, Texas Governor Greg Abbott declared a state of disaster in Texas. In accord with these declarations, on March 19, John W. Hellerstedt, M.D., Commissioner of the Department of State Health Services declared a public health disaster in Texas because COVID-19 "has created an immediate threat, poses a high risk of death to a large number of people, and creates a substantial risk of public exposure because of the disease's method of transmission and evidence that there is community spread in Texas." Governor Greg Abbott lifted Texas' disaster declaration in June of 2023.

16. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

III. **<u>JURISDICTION AND VENUE</u>**

17. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1332, because the case arises between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.

18. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because the insurance policy was issued in this district, premiums were paid from this district, and Plaintiffs lived in this district.

## IV. CLAIMS FOR RELIEF

19. Each of the paragraphs of this complaint is incorporated by reference as if stated fully in each of the counts listed below.

### Count I
### Breach of Contract

20. Janis Williford is the beneficiary of the insurance contract issued by Defendants. Defendants breached the terms of the contract by not paying the death benefits. Defendants were required to provide Janis Williford a grace period to pay the premiums due to the COVID-19 pandemic as well as the mandate issued by the Texas Department of Insurance.

21. Defendants further breached the terms of the contract by raising the premiums to an unconscionable amount, making payment impossible. During normal times, the increase breached the contract but specifically, this increase during COVID-19 was a violation of the agreement as well as a violation of the social contract that insurance companies had with clients during the pandemic.

22. Defendants' breaches caused Jan Williford harm.

## Count II
## Prompt Payment of Claims Statute

23. The failure of Defendants to pay the claim and/or follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 et seq. of the Texas Insurance Code. Therefore, in addition to her claim for damages, Janis Williford is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

24. The four-year residual limitations period applies to Janis Williford's Chapter 542 claim because the insurance policy in question does not contain a limitations period, the contractual limitation does not apply, and there is no evidence to suggest the existence of a contractual limitations period in this case.

## Count III
## Attorneys' Fees

25. Janis Williford is entitled to reasonable and necessary attorneys' fees from Defendants pursuant to Texas Civil Practice & Remedies Code §§ 38.001-38.003 because an attorney represents her, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30 day after the claim was presented.

26. Janis Williford is further entitled to reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal from Defendants pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## DAMAGES

27. Janis Williford is entitled to the $250,000 death benefits, attorneys' fees, interest, and costs.

## CONCLUSION AND PRAYER

28. Janis Williford respectfully prays that all Defendants be cited to appear and answer herein, and for judgment against the Defendants, jointly and severally, for compensatory and punitive against all individual Defendants, to the extent permitted by law, as well as pre-and post-judgment interest, and all further relief, both legal and equitable, to which Plaintiff shows herself justly entitled.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

By: */s/ Daniel Dutko*
   DANIEL DUTKO
TX Bar No.: 24054206
1401 McKinney Street, Suite 2250
Houston, Texas 77010
(713) 652-9000 phone
(713) 652-9800 fax
Email: ddutko@rustyhardin.com