# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| JANIS WILLIFORD, Individually and on behalf of the Estate of CHARLES WILLIFORD, <br><br> *Plaintiff*, <br><br> vs. <br><br> ATHENE ANNUITY & LIFE ASSURANCE COMPANY and PROTECTIVE LIFE INSURANCE COMPANY, <br><br> *Defendants*. | Civil Action No. 9:24-cv-00209-MJT |

## DEFENDANTS ATHENE ANNUITY & LIFE ASSURANCE COMPANY AND PROTECTIVE LIFE INSURANCE COMPANY'S MOTION TO DISMISS

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF ISSUES TO BE DECIDED .............................................. 2

III.  ALLEGATIONS OF THE COMPLAINT ...................................................... 2

IV.   LEGAL STANDARD ...................................................................................... 4

V.    ANALYSIS ........................................................................................................ 5

    A.    All causes of action asserted on behalf of the Insured's Estate are subject to dismissal because Plaintiff fails to allege she has the requisite authority to bring claims on behalf of the Insured's Estate. ................................................................ 5

    B.    Plaintiff's breach of contract claim is subject to dismissal because it is time barred, and also because Plaintiff fails to allege an actionable breach of the Policy's terms.......... 5

    C.    The dismissal of Plaintiff's breach of contract claim necessitates dismissal of Plaintiff's derivative claim under the Texas Prompt Payment Act. ................................. 12

    D.    Plaintiff's claim for attorneys' fees is not an independent cause of action, and additionally, the dismissal of Plaintiff's breach of contract claim necessitates dismissal of Plaintiff's derivative claim for attorneys' fees. ................................................... 13

VI.   CONCLUSION ................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                 **Page(s)**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................. 4

*Baylor Scott & White Holdings v. Factory Mut. Ins. Co.,*
667 F. Supp. 3d 368 (E.D. Tex. 2023)................................................... 12, 13

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................. 4

*Bloom v. Simmons,*
No. 7:21-CV-17, 2021 WL 12311590 (S.D. Tex. July 26, 2021) ................... 5

*Bynum v. Prudential Residential Servs., Ltd. P'ship,*
129 S.W.3d 781 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ........... 9

*Catholic Charities of Southwest Kansas, Inc. v. PHL Variable Insurance Company,*
74 F. 4th 1321 (10th Cir. 2023) .......................................... 7, 9, 10

*Cicciarella v. Amica Mut. Ins. Co.,*
66 F.3d 764 (5th Cir. 1995) ..................................................................... 10

*Curtis v. Cerner Corp.,*
621 B.R. 141 (S.D. Tex. 2020) ................................................................ 13

*Draper v. Frontier Ins. Co.,*
638 N.E.2d 1176 (Ill. App. Ct. 1994).......................................................... 9

*DZ Jewelry, LLC v. Certain Underwriters at Lloyds London,*
525 F. Supp. 3d 793 (S.D. Tex. 2021)....................................................... 13

*Earlywine v. USAA Life Ins. Co.,*
No. 3:17-CV-328-CAB-NLS, 2018 WL 656088 (S.D. Cal. Feb. 1, 2018) ................. 7

*Emerald City Mgmt., LLC v. Kahn,*
No. 4:14-CV-358, 2016 WL 98751 (E.D. Tex. Jan. 8, 2016) .................... 13

*Franco v. U.S. Bank Nat. Ass'n,*
No. SA-14-CV-636-XR, 2014 WL 4441224 (W.D. Tex. Sept. 8, 2014)................ 10

*Guidry v. Env't Procs., Inc.*,
   388 S.W.3d 845 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) .................................. 14

*Howell v. Ector Cnty. Sheriff's Off.*,
   No. 22-CV-00141-DC-RCG, 2022 WL 22836044 (W.D. Tex. Nov. 4, 2022) .......................... 7

*Jones v. Alcoa, Inc.*,
   339 F.3d 359 (5th Cir. 2003) ................................................................................. 6

*Lehman Bros. Holdings v. Cornerstone Mortg. Co.*,
   No. CIV.A. H-09-0672, 2009 WL 2900740 (S.D. Tex. Aug. 31, 2009) .................................. 13

*Middaugh v. InterBank*,
   528 F. Supp. 3d 509 (N.D. Tex. 2021) ..................................................................... 7

*Neff v. Allstate Vehicle & Prop. Ins. Co.*,
   No. 5:17-CV-191-DAE, 2019 WL 1560473 (W.D. Tex. Feb. 28, 2019) .......................... 12, 14

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
   No. 6:11-CV-495 LED-JDL, 2013 WL 12153574 (E.D. Tex. July 16, 2013) ........................ 11

*Philadelphia Life Ins. Co. v. Means*,
   No. 05-95-01033-CV, 1997 WL 488610 (Tex. App.—Dallas [5th Dist.] Aug. 22, 1997, no
   writ) ................................................................................................ 6, 7, 10

*Rodriguez v. Safeco Ins. Co. of Indiana*,
   684 S.W.3d 789 (Tex. 2024) ................................................................................. 12

*S.V. v. R.V.*,
   933 S.W.2d 1 (Tex. 1996) ..................................................................................... 6

*Sealy Emergency Room, LLC v. Free Standing Emergency Room Managers of America*,
   685 S.W.3d 816 (Tex. 2024) ................................................................................. 14

*Seismic Wells, LLC v. Matthews*,
   No. 5:15-cv-148-C, 2015 WL 11027778 (N.D. Tex. Sept. 11, 2015) .................................. 13

*Slusser v. Union Bankers Ins. Co.*,
   72 S.W.3d 713 (Tex. App.—Eastland [11th Dist.] 2002, no pet.) .............................. 6

*Smith v. O'Donnell*,
   288 S.W.3d 417 (Tex. 2009) ................................................................................. 5

*Splater v. American National Ins. Co.*,
   No. 19-21304-CIV-MORENO, 2019 WL 6324627 (S.D. Fla. Nov. 26, 2019) ........................ 9

*Sturdevant v. Nat'l W. Life Ins. Co.*,
   No. CV-20-118-M-DLC, 2021 WL 3677722 (D. Mont. Aug. 19, 2021)................................. 9

*Taha v. William Marsh Rice Univ.*,
   No. H-11-2060, 2011 WL 6057846 (S.D. Tex. Dec. 6, 2011) ................................................ 5

*Texas Farmers Ins. Co. v. Gerdes By & Through Griffin Chiropractic Clinic*,
   880 S.W.2d 215 (Tex. App.—Fort Worth [2nd Dist.] 1994, writ denied) ................................ 9

*Thomas v. Select Portfolio Servicing, Inc.*,
   No. 6:17-CV-00199-RP, 2018 WL 6427355 (W.D. Tex. Oct. 17, 2018) ................................ 10

*United Nat. Ins. Co. v. AMJ Invs., LLC*,
   447 S.W.3d 1 (Tex. App.—Houston [14th Dist.] 2014, pet. dismissed)................................. 12

*USAA Tex. Lloyds Co. v. Menchaca*,
   545 S.W.3d 479 (Tex. 2018) ............................................................................................... 13

*Ventling v. Johnson*,
   466 S.W.3d 143 (Tex. 2015) ............................................................................................... 14

*Verver v. Wells Fargo Bank, N.A.*,
   No. 4:18-CV-349-ALM-CAN, 2018 WL 6735100 (E.D. Tex. Oct. 31, 2018)................. 10, 11

**Statutes**

Texas Civil Practice & Remedies Code § 16.051 .................................................................. 2, 5, 6

Tex. Est. Code § 351.054.............................................................................................................. 5

Texas Civil Practice & Remedies Code § 38.001 .................................................................. 13, 14

Texas Civil Practice & Remedies Code § 38.003 .................................................................. 13, 14

Texas Insurance Code § 541.152 ........................................................................................... 13, 14

Texas Insurance Code § 542.060 ........................................................................................... 13, 14

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................................... 1, 4, 6

iv

**Other Authorities**

13 Williston on Contracts § 37:25 (4th ed.)......................................................................... 8

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule CV-7, Defendant Athene Annuity & Life Assurance Company f/k/a Liberty Life Insurance Company ("Athene") and Defendant Protective Life Insurance Company ("Protective," and collectively, the "Defendants") respectfully file this Motion to Dismiss the claims asserted in the Complaint by Plaintiff Janis Williford, individually and on behalf of the Estates of Charles Williford (collectively, the "Plaintiff").  In support of this Motion, Defendants state the following:

## I.    **INTRODUCTION**

Plaintiff asserts three claims against Defendants for breach of contract, violations of the Texas Prompt Payment Act, and for attorneys' fees, all stemming from the purported improper lapse of a $250,000.00 policy that insured the life Plaintiff's late husband, Charles Williford (the "Insured")—Policy No. 0010029971 (the "Policy").

Importantly, Plaintiff *concedes* in her Complaint that she and the Insured knew an increased premium payment of $4,350.70 was due under the Policy on September 20, 2020; that the Insured did not pay this premium on or before the expiration of the Policy's grace period on October 20, 2020; and that Defendants terminated the Policy prior to the Insured's death on November 4, 2020.  Notwithstanding these admissions, Plaintiff contends that Defendants should gratuitously excuse the Insured from timely paying the $4,350.70 premium because of alleged economic hardship experienced during the COVID-19 pandemic.

As set forth below, Plaintiff's theory of liability is time barred and should have been brought, at the latest, within four years of the Policy's purported wrongful termination on October 20, 2020.  And, even if Plaintiff's theory was timely asserted (it was not), the allegations in the Complaint are still impermissibly vague and fail to plausibly set forth an actionable breach of the

Policy's express terms.  Plaintiff's remaining claims for violations of the Texas Prompt Payment Act and attorneys' fees also fail as derivative of the breach of contract claim.

## II.    <u>STATEMENT OF ISSUES TO BE DECIDED</u>

1.    Whether the Complaint sufficiently alleges that Plaintiff has authority to assert causes of action on behalf of the Insured's Estate.

2.    Whether Plaintiff's breach of contract claim (Count I) is time barred under Tex. Civ. Prac. & Rem. Code § 16.051.

3.    Whether Plaintiff's breach of contract claim (Count I) is subject to dismissal for the additional reason that it is impermissibly vague and alleges no actionable breach of the Policy's express terms.

4.    Whether Plaintiff's derivative claim under the Texas Prompt Payment Act (Count II) should also be dismissed if Plaintiff's breach of contract claim (Count I) is dismissed.

5.    Whether Plaintiff's derivative claim for attorneys' fees (Count III) should also be dismissed if Plaintiff's breach of contract claim (Count I) is dismissed.

6.    Whether Plaintiff's claim for attorneys' fees (Count III) is subject to dismissal for the additional reason that Texas law does not recognize this as an independent cause of action.

## III.    <u>ALLEGATIONS OF THE COMPLAINT</u>

Charles Williford (defined above as the "Insured") was issued the Policy with an effective date of September 20, 2005.  Complaint, D.E. 1 ("Compl.") at ¶ 8.  The face amount of the Policy was $250,000.00, and Plaintiff was the Policy's primary beneficiary.  *Id.*

The premium amount for the Policy's initial fifteen-year term was $322.93 per month.  *Id.* As this initial fifteen-year term was ending on September 20, 2020, "Defendants informed Charles

and Janis Williford that their monthly life insurance premiums would increase from $322.93 per month to $4,350.70 per month." *Id.* at ¶ 9.

The first increased monthly premium of $4,350.70 was due on September 20, 2020. *Id.* at ¶ 11. The Policy contained "a built in four-week grace period, as required by Texas law," which means that the Insured had between September 20, 2020 and October 20, 2020, to make the $4,350.70 premium payment before the Policy lapsed. *Id.*

Plaintiff alleges that "due to COVID-19" and their inability to find work or secure a loan, Plaintiff and the Insured were unable to pay the $4,350.70 premium amount prior to the expiration of the grace period on October 20, 2020. *Id.* at ¶¶ 10 – 11.

The Insured died on November 4, 2020. *Id.* at ¶ 11.

Following the Insured's death, Plaintiff made a claim for the Policy's death benefit, but she was "informed by Defendants that the policy expired and would not be honored." *Id.*

Over four years *after* the Policy's termination on October 20, 2020, Plaintiff initiated the present lawsuit on November 4, 2024. *See generally id.* The Complaint alleges the following three causes of action: (1) breach of contract, (2) violations of the Texas Prompt Payment Act, and (3) attorneys' fees.[1] *Id.* at ¶¶ 20 – 26. Plaintiff purports to bring these claims "[i]ndividually and on behalf of the Estate of Charles Williford." *Id.* at p. 1, Case Caption and Introductory Paragraph.

In support of her claims, Plaintiff generally references a purported "mandate" by the Texas Department of Insurance (the "TDI"), which stated:

**Premium payments grace period**

TDI expects all carriers to work with policyholders who may experience financial hardships due to the COVID-19 outbreak. TDI encourages carriers to use grace

---

[1] Initially, Plaintiff filed this lawsuit against ten different insurance carriers. On December 16, 2024, Plaintiff dismissed all named defendants except for Protective and Athene, as Athene is the insurer of the Policy and Protective is the servicer of the Policy. *See* D.E. 8 – 9.

periods for payments, temporary suspension of premium payments, payment plans,
and other actions to allow continuing insurance coverage as appropriate.

*Id.* at ¶ 12.  Plaintiff vaguely alleges that Defendants failed to comply with their "obligations" under this Bulletin.  *Id.* at ¶ 13.

Plaintiff further alleges that Defendants breached the Policy by "raising the premiums to an unconscionable amount, making payment impossible." *Id.* at ¶ 21.  Plaintiff contends that the premium increase from $322.93 per month to $4,350.70 per month breached the Policy "during normal times," and also that "this increase during COVID-19 was a violation of the agreement as well as a violation of the social contract that insurance companies had with clients during the pandemic." *Id.* at ¶ 21.

Based upon these allegations, Plaintiff seeks the $250,000.00 death benefit of the Policy, 18% statutory interest, and attorneys' fees under her three causes of action.  *Id.* at ¶¶ 20 – 26.

## IV.    <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the complaint's factual allegations are taken as true, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

V.    <u>**ANALYSIS**</u>

**A.    All causes of action asserted on behalf of the Insured's Estate are subject to dismissal because Plaintiff fails to allege she has the requisite authority to bring claims on behalf of the Insured's Estate.**

As an initial matter, Defendants note that the Complaint lacks any allegation that Plaintiff has been appointed as executor of the Insured's Estate.  To this end, an executor generally must be "appointed" under Texas law in order to "commence a suit for . . . recovery of personal property, debts, or damages" on behalf of an estate.  Tex. Est. Code § 351.054(a)(1).  Once appointed, an executor "stands in the shoes of the decedent." *Smith v. O'Donnell*, 288 S.W.3d 417, 421 (Tex. 2009).

As Plaintiff has failed to allege (or otherwise establish) that she has authority to assert claims on behalf of the Insured's Estate, all causes of action asserted "on behalf of" the Insured's Estate should be dismissed.  *See Bloom v. Simmons*, No. 7:21-CV-17, 2021 WL 12311590, at *3 (S.D. Tex. July 26, 2021) (dismissing claims by non-executor of estate because the plaintiff "lack[ed] the capacity to sue on behalf of [the] estate").

**B.    Plaintiff's breach of contract claim is subject to dismissal because it is time barred, and also because Plaintiff fails to allege an actionable breach of the Policy's terms.**

Regardless of whether Plaintiff has authority to sue on behalf of the Insured's Estate, Plaintiff's breach of contract claim, asserted in both her individual capacity and on behalf of the Insured's Estate, should be dismissed as being both time barred and impermissibly vague.

**i.    Plaintiff's breach of contract claim is time barred.**

In Texas, "the statute of limitations applicable to causes of action for breach of contract is found in the Texas Civil Practice and Remedies Code, which states that '[e]very action for which there is no express limitations period . . . must be brought not later than four years after the day the cause of action accrues.'"  *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2011 WL

6057846, at *3 (S.D. Tex. Dec. 6, 2011) (quoting Tex. Civ. Prac. & Rem. Code § 16.051) (alteration in original)).

Under Texas law, "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). As such, "[a] cause of action for breach of contract is generally regarded as accruing when the contract is breached or when the claimant has notice of facts sufficient to place him on notice of the breach." *Slusser v. Union Bankers Ins. Co.*, 72 S.W.3d 713, 717 (Tex. App.—Eastland [11th Dist.] 2002, no pet.).

Notably, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Here, the Complaint on its face establishes that Plaintiff's breach of contract claim is barred by the statute of limitations. In particular, Plaintiff asserts two theories in support of her breach of contract claim. Under her first theory, Plaintiff alleges that Defendants failed to provide certain financial hardship accommodations to the Insured, including extending the grace period for payment of the $4,350.70 premium, which ran from September 20, 2020 to October 20, 2020, in light of the COVID-19 pandemic. Compl. at ¶¶ 11, 20. Under her second theory, Plaintiff alleges that Defendants improperly raised the Policy's monthly premiums from $322.93 to $4,350.70 beginning on September 20, 2020. *See id.* at ¶¶ 9, 11, 21. Plaintiff admits in the Complaint that she and the Insured knew of these two issues in September / October 2020. *See id.* at ¶¶ 9 – 11.

Thus, under either theory, the statute of limitations began accruing at the very latest on October 20, 2020, when the Policy purportedly improperly lapsed for non-payment of the $4,350.70 due. *See, e.g.*, *Philadelphia Life Ins. Co. v. Means*, No. 05-95-01033-CV, 1997 WL

488610, at *8 (Tex. App.—Dallas [5th Dist.] Aug. 22, 1997, no writ) ("[P]laintiffs correctly note that Philadelphia Life's decision to lapse the policy caused them legal injury."); *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 539 (N.D. Tex. 2021) (dismissing contract claim where the plaintiffs "were on notice . . . regarding any breach" more than four years prior to suit); *Earlywine v. USAA Life Ins. Co.*, No. 3:17-CV-328-CAB-NLS, 2018 WL 656088, at *3 (S.D. Cal. Feb. 1, 2018) (holding that plaintiffs' breach-of-contract claim for allegedly improper premium increase accrued when insurer informed plaintiffs that premiums would increase).

Accordingly, Plaintiff should have filed her breach of contract claim at the latest by October 20, 2024, and Plaintiff's filing of the instant lawsuit on November 4, 2024, is over two weeks too late.  *See Howell v. Ector Cnty. Sheriff's Off.*, No. 22-CV-00141-DC-RCG, 2022 WL 22836044, at *2 (W.D. Tex. Nov. 4, 2022) (dismissing claims where it appeared on the face of the complaint that the claims were filed one day too late).

Importantly, the fact that Plaintiff filed suit within four years of the Insured's November 4, 2020, death does not render her claim timely.  Although Defendants have located no Texas authority specifically on point, the majority of jurisdictions recognize that a beneficiary's breach of contract claim stemming from an underlying wrongful termination of a life insurance policy accrues at the time the policy is terminated, *not* when the insured's death occurs.

The Tenth Circuit Court of Appeals' recent decision in *Catholic Charities of Southwest Kansas, Inc. v. PHL Variable Insurance Company*, 74 F. 4th 1321 (10th Cir. 2023), is instructive. In that case, the plaintiff was the owner and beneficiary of two life insurance policies issued by PHL Variable Insurance Company.  *Id.* at 1322.  Between 2013 and 2014, the plaintiff did not pay premiums for the policies because she deemed them to be "too high," and the policies lapsed.  *Id.* The insureds both died in 2016, and in 2020, the plaintiff filed a lawsuit against PHL Variable for

failure to pay the death benefits under both policies.  *Id.*    The district court dismissed plaintiff's complaint as untimely, ruling that Kansas's 5-year statute of limitation period for contract actions began accruing when the policies were allegedly improperly terminated.  *Id.*

In affirming the district court's dismissal, the Tenth Circuit explained:

As the district court observed, many courts have held that an insurance company breaches an insurance contract and starts the applicable limitations period when it makes a demand for payment that conflicts with the insured's understanding of the policy's terms . . . .

Here, Plaintiff's complaint centers on the cancellation notices Defendant sent in 2013 and 2014. Plaintiff alleges Defendant's notices failed to comply with 'applicable policy terms' and 'applicable law'; that Defendant violated various insurance statutes; and that Defendant breached the policies' notice, grace period, and termination provisions. As a result, Plaintiff alleges that Defendant's policies were still 'in effect and in good standing' when the insureds died. But under Plaintiff's own theory, Plaintiff could have immediately asserted its breach of contract claims and would have been entitled to recover nominal damages, if nothing more . . . . Yet Plaintiff delayed six to seven years before suing.  Because of that delay, Kansas's five-year statute of limitations now bars Plaintiff's claims . . . .

Plaintiff alternatively argues that, even if the five-year statute of limitations bars Plaintiff's claims as the policies' owner, Plaintiff's claims as the policies' beneficiary should still survive. The distinction between policy owner and policy beneficiary changes the result, Plaintiff reasons, because a named beneficiary has no vested interest in the proceeds of a life-insurance policy during the insured's lifetime . . . . And because a named beneficiary has no vested interest during the insured's lifetime, Plaintiff contends its claims as policy beneficiary could not accrue until the insureds died . . . . Thus, Plaintiff urges us to conclude that its claims as the policies' beneficiary are timely even if its claims as the policies' owner are not . . . .

The rights of a third-party beneficiary in Kansas are no greater than those of the promisee under the contract. And we see no reason why Kansas would carve only the statute of limitations from the well-settled rule that third-party beneficiaries remain subject to the same affirmative defenses as their promisees.  *See* 13 Williston on Contracts § 37:25 (4th ed.) ("Third party beneficiaries must take their contracts as they find them—the good with the bad.").

Thus, we hold that Kansas's five-year statute of limitations bars Plaintiff's claims both as policy beneficiary and as policy owner. To be sure, we do not ignore the idea that a beneficiary's interest does not vest until the insured's death . . . . We

simply recognize that a beneficiary's mere expectancy may never vest—as the choice between paying premiums, contesting an insurer's demands, or allowing a policy to lapse, properly rests with policy owners during their lifetimes.

*Id.* at 1323–25 (internal quotation marks and citations omitted).[2]

Just as in *Catholic Charities* and the additional authorities cited in Note 2, Texas law similarly provides that "[t]he beneficiary for whose advantage a contract is made and enforced, does not receive greater rights and cannot acquire better standing to enforce the contract than that held by the contracting party." *Texas Farmers Ins. Co. v. Gerdes By & Through Griffin Chiropractic Clinic*, 880 S.W.2d 215, 218 (Tex. App.—Fort Worth [2nd Dist.] 1994, writ denied); *Bynum v. Prudential Residential Servs., Ltd. P'ship*, 129 S.W.3d 781, 793 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (collecting Texas authorities and explaining "a third-party beneficiary will not have greater rights under a contract than the party who bargained for their benefit").

---

[2] *See also Sturdevant v. Nat'l W. Life Ins. Co.*, No. CV-20-118-M-DLC, 2021 WL 3677722, at *4-5 (D. Mont. Aug. 19, 2021) (holding beneficiary's claim for policy death benefit began accruing on date policy allegedly improperly lapsed as opposed to the insured's date of death, explaining: "If the Court were to permit the [plaintiff beneficiary] to advance claims against National Western stemming from [the wrongful termination of the policy], it would be acting in contravention to a basic principle of contract. Namely, that a third-party beneficiary, such as the [plaintiff], do not possess any greater right to enforce the Policy than [the insured] did. To hold otherwise would 'add an indefinite number of years to the limitations period' applicable to the claims at issue.") (quoting *Draper v. Frontier Ins. Co.*, 638 N.E.2d 1176, 1180 (Ill. App. Ct. 1994)); *Draper*, 638 N.E.2d at 1179-80 (holding beneficiary's claim for policy death benefit began accruing on date policy allegedly improperly lapsed as opposed to the insured's date of death, explaining: "[A] third-party beneficiary to a contract has no greater rights than the party under which she claims . . . . Here, plaintiff's suit is not merely one to recover on the policy, but also one for wrongful cancellation of the policy. The former claim is wholly and necessarily dependent on the latter . . . . Were [the insured] still alive, the time in which he could have brought suit for wrongful cancellation would have run no later than early 1993 . . . . [Allowing the beneficiary's claim to accrue from the date of the insured's death] would add an indefinite number of years to the limitations period applicable to a cause of action for the wrongful cancellation of a life insurance policy."); *Splater v. American National Ins. Co.*, No. 19-21304-CIV-MORENO, 2019 WL 6324627, at *3 (S.D. Fla. Nov. 26, 2019) (collecting authorities and holding that statute of limitations accrues when the insurer requires the insured to make premium payments "inconsistent" with the insured's beliefs).

Accordingly, this Court should apply the reasoning of *Catholic Charities* and the majority of jurisdictions, and Plaintiff's claims in both her individual capacity and on behalf of the Insured's Estate should be dismissed as untimely.

### ii.  Plaintiff's breach of contract claim is also impermissibly vague.

In addition to being untimely, Plaintiff's breach of contract claim is further defective because it is impermissibly vague and alleges no actionable breach of the Policy's express terms. To this end, a plaintiff "must allege the specific contract terms and how they were violated in order to state a claim for breach of contract." *Franco v. U.S. Bank Nat. Ass'n*, No. SA-14-CV-636-XR, 2014 WL 4441224, at *4 (W.D. Tex. Sept. 8, 2014); *Verver v. Wells Fargo Bank, N.A.*, No. 4:18-CV-349-ALM-CAN, 2018 WL 6735100, at *4 (E.D. Tex. Oct. 31, 2018) (same); *Thomas v. Select Portfolio Servicing, Inc.*, No. 6:17-CV-00199-RP, 2018 WL 6427355, at *5 (W.D. Tex. Oct. 17, 2018) (same).

Here, Plaintiff's improper premium increase theory is too vague to be actionable, as Plaintiff fails to allege what the Policy specifies the monthly premium amount should have been beginning on September 20, 2020, and how the increase from $322.93 to $4,350.70 violated the Policy's terms. [3] *See Franco*, 2014 WL 4441224, at *4 ("Because Franco fails to identify specific contract terms or how those terms were violated in the petition, Franco fails to state a claim for breach of contract. Defendants' motion is granted with regard to the breach-of-contract claim.");

---

[3] Plaintiff fails to allege these essential contract terms for good reason, as the Policy specifically disclosed the increase in premiums beginning on September 20, 2020. Defendants are attaching hereto as Exhibit "A" the schedule pages from the Policy, which detail this increase in premium. *See Cicciarella v. Amica Mut. Ins. Co.*, 66 F.3d 764, 767–68 (5th Cir. 1995) ("In Texas, insurance policies are controlled by the rules of construction that are applicable to contracts generally. We will not rewrite the terms of the Policy; instead, we enforce it as written."); *Philadelphia Life*, 1997 WL 488610, at *5 (finding no breach of contract where insurer had right under the policy to change premium amount).

*Verver*, 2018 WL 6735100, at *4 (same); *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-CV-495 LED-JDL, 2013 WL 12153574, at *2 (E.D. Tex. July 16, 2013) (same).

Plaintiff's theory regarding financial hardship accommodations is also too vague to be actionable. In support of this theory, Plaintiff cites to a bulletin from the TDI, which stated that the "TDI expects all carriers to work with policyholders who may experience financial hardships due to the COVID-19 outbreak," and that the "TDI encourages carriers to use grace periods for payments, temporary suspension of premium payments, payment plans, and other actions to allow continuing insurance coverage as appropriate." Compl. at ¶ 12. Plaintiff further generally alleges that "the Defendants, including Protective Life Insurance Company, claimed they offered temporary relief to policyholders facing financial hardship due to the pandemic." *Id.* at ¶ 14.

Regarding the TDI bulletin, it imposed no mandatory obligations upon insurance carriers; instead, it merely encouraged insurers to work with policyholders, and it listed potential ways insurers could offer requested relief. Indeed, the TDI's use of the term "encourages" confirms that the Bulletin imposed no such mandatory obligations, and relatedly, there is no authority whatsoever establishing that insurers were required to implement the TDI's suggestions.

Regarding the temporary relief purportedly offered by the Defendants, Plaintiff fails to allege the specifics of what each separate Defendant offered or how Plaintiff qualified for the alleged relief. Instead, Plaintiff impermissibly lumps all Defendants together in her allegations (which, at the time the Complaint was filed, included 10 separate defendant insurers). Most notably, Plaintiff asserts that the "alleged temporary relief [offered by the Defendants] included grace periods for premium payments," and in the same Complaint, Plaintiff admits that the Insured received a "four-week grace period, as required by Texas law" to pay the $4,350.70 premium at issue. *See* Compl. at ¶¶ 11, 14.

11

In sum, Plaintiff has failed to plausibly identify a breach of the Policy's express terms, warranting dismissal of Count I of the Complaint for this additional reason.

### C.     The dismissal of Plaintiff's breach of contract claim necessitates dismissal of Plaintiff's derivative claim under the Texas Prompt Payment Act.

Under Count II of the Complaint, Plaintiff alleges that Defendants violated the Texas Prompt Payment Act by failing to accept or deny coverage within "the statutory time guidelines." *See* Compl. at ¶ 23.

To recover under the Texas Prompt Payment Act, a plaintiff "must show that: (1) a claim was made under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim." *Neff v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:17-CV-191-DAE, 2019 WL 1560473, at *6 (W.D. Tex. Feb. 28, 2019) (quoting *United Nat. Ins. Co. v. AMJ Invs., LLC*, 447 S.W.3d 1, 13 (Tex. App.— Houston [14th Dist.] 2014, pet. dismissed)).  In fact, just this year, the Supreme Court of Texas noted that under the Prompt Payment Act, fees are not recoverable absent recovery of damages or meeting the express requirements of the statute.  *See Rodriguez v. Safeco Ins. Co. of Indiana*, 684 S.W.3d 789, 793-96 (Tex. 2024).

Here, Plaintiff's Prompt Payment Act claim is entirely derivative of Plaintiff's barred breach of contract claim, as set forth above.  Since by law Defendants are not liable for payment of the Policy's death benefit, Count II of the Complaint should similarly be dismissed.  *See Neff*, 2019 WL 1560473, at *6 ("[B]ecause Plaintiffs have failed to establish Allstate's breach of contract, the Texas Insurance Code claims [for violations of the Texas Prompt Payment Act] fail as a matter of law."); *Baylor Scott & White Holdings v. Factory Mut. Ins. Co.*, 667 F. Supp. 3d 368, 380 (E.D. Tex. 2023) *aff'd*, 105 F.4th 816 (5th Cir. 2024) ("A plaintiff cannot prevail on its extra-contractual prompt-payment claim 'if the insurance claim is not covered by the policy.'. . . .

Therefore, because Baylor's breach-of-contract claims fail, its derivative prompt-payment claim under Chapter 542 of the Texas Insurance Code similarly cannot succeed.") (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 491 (Tex. 2018)); *DZ Jewelry, LLC v. Certain Underwriters at Lloyds London*, 525 F. Supp. 3d 793, 801–02 (S.D. Tex. 2021) ("Because Zadok did not plead a right to coverage under the policy, Zadok cannot plead claims for bad faith or violations of the Texas Prompt Payment of Claims Act for the coverage denial.").

> **D.    Plaintiff's claim for attorneys' fees is not an independent cause of action, and additionally, the dismissal of Plaintiff's breach of contract claim necessitates dismissal of Plaintiff's derivative claim for attorneys' fees.**

Under Count III of the Complaint, Plaintiff asserts a claim for attorneys' fees under Texas Civil Practice & Remedies Code §§ 38.001 – 38.003 and Texas Insurance Code §§ 541.152 and 542.060.  *See* Compl. at ¶¶ 25 – 26.

As an initial matter, Count III should be dismissed because Texas law does not recognize an independent cause of action for attorneys' fees.  *See, e.g.*, *Curtis v. Cerner Corp.*, 621 B.R. 141, 180 (S.D. Tex. 2020) (dismissing cause of action for attorneys' fees, explaining: "[A]ttorney's fees are a form of relief, not an independent cause of action, and dismissing a count or claim for attorneys' fees does not preclude the possibility of recovery of attorney's fees at trial. It merely precludes the recovery of attorney's fees as a standalone action.") (internal quotation marks and citation omitted); *Seismic Wells, LLC v. Matthews*, No. 5:15-cv-148-C, 2015 WL 11027778, at *5 (N.D. Tex. Sept. 11, 2015) ("Texas law does not recognize an independent cause of action for attorney's fees."); *Emerald City Mgmt., LLC v. Kahn*, No. 4:14-CV-358, 2016 WL 98751, at *26 (E.D. Tex. Jan. 8, 2016) (dismissing attorneys' fee cause of action, holding "attorney's fees are a form of relief, not an independent cause of action"); *Lehman Bros. Holdings v. Cornerstone Mortg. Co.*, No. CIV.A. H-09-0672, 2009 WL 2900740, at *6 (S.D. Tex. Aug. 31, 2009) ("Section 38.001 does not provide an independent cause of action for attorney's fees").

13

And because Plaintiff has failed to plead a viable claim for breach of contract as set forth above, she has not established that Defendants are liable for payment of the Policy's death benefit, necessitating dismissal of Count III for this additional reason. *See, e.g.*, *Sealy Emergency Room, LLC v. Free Standing Emergency Room Managers of America*, 685 S.W.3d 816, 826 (Tex. 2024) ("Because Sealy ER never received a judgment granting it affirmative monetary relief on its counterclaim for breach of contract, it is not a prevailing party and cannot recover any attorney's fees. Thus, the trial court's summary judgment against Sealy ER's claim also disposed of its request for attorney's fees."); *Neff*, 2019 WL 1560473, at *6 ("[B]ecause Plaintiffs have failed to establish Allstate's breach of contract, the Texas Insurance Code claims [under § 542.060] fail as a matter of law."); *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015) ("To recover attorney's fees under section 38.001, a party must prevail on the underlying claim and recover damages."); *Guidry v. Env't Procs., Inc.*, 388 S.W.3d 845, 860 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("A plaintiff who does not recover actual damages cannot recover attorneys' fees under [§ 541.152 of] the Insurance Code").

## VI.    **CONCLUSION**

For the foregoing reasons, Plaintiff has failed to state any plausible claims for relief against Athene and Protective.  And because Plaintiff cannot cure her statute of limitations issue by way of amendment, Plaintiff's entire Complaint should be dismissed *with prejudice*.  *See McGee v. Citi Mortg., Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017) (affirming district court's denial of leave to amend complaint "because the claims would be barred by the applicable statutes of limitation and would therefore fail to state a claim upon which relief could be granted").

Dated: December 19, 2024

Respectfully submitted,

**MAYNARD NEXSEN, P.C.**

*/s/ Carlos R. Soltero*
Carlos R. Soltero
Texas State Bar No. 00791702
csoltero@maynardnexsen.com
2500 Bee Caves Road
Building 1, Suite 150
Austin, Texas 78746
(512) 422-1559 Telephone
(512) 359-7996 Facsimile

***Attorneys for Defendant Athene Annuity &
Life Assurance Company f/k/a Liberty Life
Insurance Company and Defendant
Protective Life Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, a true and correct copy of the foregoing was

filed using the Court's CM-ECF system and served upon the following counsel of record:

Daniel Dutko, Esq.
Texas State Bar No. 24054206
ddutko@rustyhardin.com
RUSTY HARDIN & ASSOCIATES, LLP
1401 McKinney Street
Suite 2250
Houston, Texas 77010
(713) 652-9000 – Telephone
(713) 652-9800 – Facsimile

*/s/ Carlos R. Soltero*
Carlos R. Soltero